*In re* J. W. SELLARS, Administrator of M. FAULK.

*Administrator — Bond — Renewal — Mortgage on Land Belonging to Estate as Security.*

1. Where an administrator, who had given bond for $4,000, was ordered to renew, "strengthen and increase" the same to $6,000, and, within a year from the death of decedent, executed and offered a mortgage for $2,000 upon land of his intestate, whose heir he was; *Held*, that the tender of the mortgage was not a compliance with the order, since it neither increased the penalty of the bond nor afforded any additional security, the property covered by the mortgage being already liable for the debts.

2. The reason or necessity for requiring an administrator to increase his bond is a matter for the clerk of the superior court before whom the proceeding for such purpose is pending.

SPECIAL PROCEEDING, by W. C. McDuffie and others, judgment creditors of the estate of M. Faulk, deceased, pending before the Clerk of the Superior Court of CUMBERLAND County.

J. W. Sellars, administrator, had qualified and given his bond in the sum of four thousand dollars. On motion of creditors he was notified to give a better bond, and it was ordered by the clerk that he "increase his bond to six thousand dollars." On appeal *Judge Hoke* ordered that he "renew, strengthen and increase his bond as directed by the clerk." No appeal was taken from this order, and in obedience thereto, J. W. Sellars tendered a mortgage in the sum of two thousand dollars on the lands of his intestate, he being one of the only two heirs of said intestate, in lieu of bond required by *The Code*, Sec. 118. The clerk adjudged that the said mortgage was a "compliance with the judgment of the judge in the prior

appeal." On appeal his Honor confirmed the judgment of the clerk in all respects. All the property included in said mortgage was inherited by the mortgagors from said M. Faulk, and is worth the amount of said bond. Not one year had elapsed since the death of the intestate. The mortgage was in due form. The creditors appealed to the Supreme Court.

*Messrs. J. C.* and *S. H. MacRae*, for appellants.

*Messrs. N. A. Sinclair* and *W. E. Murchison*, for appellee.

Faircloth, C. J.: The mortgage in question is not in the record before us, and it is not clear whether it was executed by the administrator, as such, as required by *The Code*, Section 118, or whether it was by him as an heir of his intestate. It conveyed property already liable for the debts, and if it be taken that the mortgage increased the *security*, we infer that it does not increase the penalty of the bond as required by the order. The time when all the debts for which the mortgaged property is liable has not yet expired. The mortgage is to secure two thousand dollars, but is not for the amount of the bond required by said section of *The Code* and the order of the court. The reason or necessity for increasing the bond to $6,000 is a matter for the clerk and not for this Court. We have concluded that the original order has not been complied with. Of course the administrator may still comply if he elects to do so.                                Error.